**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Robert SPIELER, Appellant.**

Superior Court of Pennsylvania.

Submitted Aug. 1, 2005.

Filed Nov. 30, 2005.

---

Ryan R. Smith, Pittsburgh, for appellant.

Michael W. Streily, Deputy Dist. Atty., Amy E. Constantine, Asst. Dist. Atty., Pittsburgh, for Com., appellee.

Before: BOWES, McCAFFERY, and POPOVICH, JJ.

McCAFFERY, J.

¶ 1 Appellant, Robert Spieler, appeals from the judgment of sentence imposed on September 7, 2004, by the Honorable Donald E. Machen of the Court of Common Pleas of Allegheny County, following Appellant's conviction of two counts of driving under the influence of alcohol and/or controlled substance.[1] Specifically, Appellant asks us to decide whether the trial court erred in denying his motion to suppress evidence recovered after a traffic stop. The trial court, sitting as a suppression court, concluded that the police officer's testimony describing his observations of Appellant's operation of his vehicle was sufficient to establish that the officer had probable cause to justify the stop. Upon review, we conclude that the trial court properly denied Appellant's motion to suppress, and, accordingly, we affirm the judgment of sentence.

¶ 2 The relevant facts and procedural history of this case are as follows. At approximately 11:30 p.m. on December 26, 2003, Pittsburgh Police Officer Talib Ghafoor was on duty and traveling east on Penn Avenue towards the intersection of North Negley Avenue when he observed that traffic was backing up around the 5500 block area. (Notes of Testimony ("N.T."), 9/7/04, at 3, 5). Officer Ghafoor drove forward to ascertain the reason for the backup, and noticed a white truck in front of the backed up traffic with Appellant in the driver's seat. (*Id.* at 3). Officer Ghafoor pulled alongside the truck and shined his police cruiser light onto Appellant in order to draw Appellant's attention to get him to move on, at which time Officer Ghafoor noticed that Appellant's face was "beet red" and that he looked confused. (*Id.* at 3–4). Appellant then moved his car forward, but stopped at the traffic light at the intersection of North Negley and Penn Avenue even though the light was green. (*Id.* at 4). The light turned red and then green again, while Appellant continued to sit at the intersection in his truck. (*Id.* at 4). Appellant eventually did proceed through a green light and drove for another half block, during which time Officer Ghafoor observed Appellant's vehicle weave in and out of his lane of traffic several times, all without using appropriate signals. (*Id.* at 4, 7). At this point, Officer Ghafoor activated his lights and siren and stopped Appellant's vehicle because he was concerned that Appellant might have a medical condition, and on the basis of "a hunch that maybe something was wrong". (*Id.* at 4–6). Approximately five minutes elapsed between the time the officer initially observed Appellant and when he stopped him. (*Id.* at 5).

¶ 3 Officer Ghafoor approached Appellant and noticed that a smell of alcohol was emanating from him, at which point Officer Ghafoor and another officer administered

---

1. 75 Pa.C.S.A. § 3731(a)(1) & (a)(4), now repealed and replaced by 75 Pa.C.S.A. § 3802.

three field sobriety tests. (*Id.* at 14). Appellant seemed very confused about the instructions he received from the officers regarding the field sobriety tests, and stated that he could not do the tests and refused to complete the last test. (*Id.*). As a result, Officer Ghafoor arrested Appellant for driving under the influence of alcohol and/or controlled substance, and took him to the police station for a blood alcohol intoxilizer test which resulted in readings of .221% and .225%. (*Id.*). Notably, Appellant was not given a citation for violating the Motor Vehicle Code ("MVC"). (*Id.* at 6).

¶ 4 Appellant was subsequently arrested for two counts of driving under the influence. Prior to trial, Appellant filed a motion to suppress all evidence which had been obtained during the traffic stop on the basis that there had been insufficient probable cause to justify the stop. On September 7, 2004, the trial court held a suppression hearing, after which it denied Appellant's suppression motion. Officer Ghafoor testified at the suppression hearing that Appellant's behavior, including failing to use turn signals and simply parking his vehicle in the middle of the flow of traffic, constituted violations of the MVC. (*Id.* at 7). Officer Ghafoor also testified that he believed that Appellant was intoxicated to a degree rendering him incapable of safe driving. (*Id.* at 16).

¶ 5 A non-jury trial followed immediately, and Appellant was tried on stipulated facts based on the police report. The trial court found Appellant guilty of both counts of driving under the influence, and sentenced him to a period of incarceration of not less than forty-eight (48) hours and not more than seven (7) days. Upon the expiration of the minimum sentence, the trial court placed Appellant on parole, on the condition that he complete alcohol and safe driving classes and pay a $300 fine and a

CAT loss fund fee. This timely appeal followed wherein Appellant presents the following issue for our consideration:

WHETHER THE TRIAL COURT ERRED IN FINDING THAT PROBABLE CAUSE EXISTED FOR OFFICER GHAFOOR TO EFFECTUATE A TRAFFIC STOP OF APPELLANT'S VEHICLE WHERE THERE WAS NO TESTIMONY BY OFFICER GHAFOOR AT THE SUPPRESSION HEARING THAT HE POSSESSED SPECIFIC FACTS THAT THE VEHICLE OR THE DRIVER [WAS] IN VIOLATION OF SOME PROVISION OF THE VEHICLE CODE OR THAT APPELLANT'S VEHICLE PRESENTED A SAFETY HAZARD?

(Appellant's Brief at 5).

¶ 6 Specifically, Appellant asserts that the traffic stop was improper, contending that the Commonwealth failed to present sufficient evidence at Appellant's suppression hearing that Officer Ghafoor had possessed specific facts to believe Appellant had violated any provision of the MVC, or that Appellant's vehicle was creating a safety hazard on the road at the time of the traffic stop, where the stop was effectuated on the basis of Officer Ghafoor's "hunch" that something might have been wrong with Appellant. (Appellant's Brief at 9–11). We disagree.

 ¶ 7 We review a trial court's denial of a suppression motion under the following standard:

Our standard of review in addressing a challenge to a trial court's denial of a suppression motion is limited to determining whether the factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Since the prosecution prevailed in the suppression court, we may consider only the evidence of the prosecution and so much of the evidence

for the defense as remains uncontradicted when read in the context of the record as a whole. Where the record supports the factual findings of the trial court, we are bound by those facts and may reverse only if the legal conclusions drawn therefrom are in error.

*Commonwealth v. Minnich,* 874 A.2d 1234, 1236 (Pa.Super.2005) (quoting *Commonwealth v. Blair,* 860 A.2d 567, 571 (Pa.Super.2004)).

 ¶ 8 In determining when a traffic stop is justified, our Supreme Court has stated:

> If the alleged basis of a vehicular stop is to permit a determination whether there has been compliance with the Motor Vehicle Code of this Commonwealth, it is encumbent [sic] upon the officer to articulate specific facts possessed by him, at the time of the questioned stop, which would provide probable cause to believe that the vehicle or the driver was in violation of some provision of the Code.

*Commonwealth v. Whitmyer,* 542 Pa. 545, 550, 668 A.2d 1113, 1116 (1995) (quoting *Commonwealth v. Murray,* 460 Pa. 53, 58–59, 331 A.2d 414, 416–17 (1975)). In *Commonwealth v. Gleason,* 567 Pa. 111, 785 A.2d 983 (2001), our Supreme Court reaffirmed the holding in *Whitmyer* that a police officer must have probable cause to believe that the driver has violated a provision of the MVC in order to justify a traffic stop of the vehicle. *Gleason,* 567 Pa. at 122, 785 A.2d at 989.[2] Moreover, where the police initiate a traffic stop based on a safety hazard allegedly created by the driver, the police must possess "specific facts justifying the intrusion." *Id.* at 121, 785 A.2d at 988. We are mindful that "[p]robable cause does not require certainty, but rather exists when criminality is one reasonable inference, not necessarily even the most likely inference." *Commonwealth v. Mickley,* 846 A.2d 686, 689 (Pa.Super.2004), *appeal denied,* 580 Pa. 705, 860 A.2d 489 (2004). This view was reinforced by this Court in *Commonwealth v. Snell,* 811 A.2d 581 (Pa.Super.2002), where we pointed out that "while an actual violation of the [MVC] need not ultimately be established to validate a vehicle stop, a police officer must have a reasonable and articulable belief that a vehicle or driver is in violation of the [MVC] in order to lawfully stop the vehicle." *Id.* at 584. The issuance of a citation by an officer for a violation of the MVC is a matter within the sole discretion of that officer.

 ¶ 9 In the case *sub judice,* the controlling question is whether Officer Ghafoor had probable cause to stop Appellant for violating a provision of the MVC. A thorough review of the record reveals that Officer Ghafoor did have probable cause to believe that Appellant had violated 75 Pa.C.S.A. § 3351 (stopping, standing and parking outside business and residence districts) and 75 Pa.C.S.A. § 3334 (turning movements and required signals).[3]

2. We observe that the statutory basis upon which a police officer may stop a vehicle now provides that whenever the officer has a *reasonable suspicion* that a violation of the MVC has occurred, he may stop the vehicle. 75 Pa.C.S.A. § 6308(b) (effective February 1, 2004). This Court recently upheld the constitutional validity of this amendment to § 6308(b) as it pertains to vehicle stops based upon a reasonable suspicion that the driver is operating under the influence of alcohol.

*Commonwealth v. Sands,* 887 A.2d 261, 270, 271–72 (2005).

3. These statutes provide:
 **§ 3351. Stopping, standing and parking outside business and residence districts**
 **(a) General rule.**—Outside a business or residence district, no person shall stop, park or stand any vehicle, whether attended or unattended, upon the roadway when it is practicable to stop, park or stand the vehi-

Officer Ghafoor testified that he first observed Appellant's truck stopped motionless in the middle of the flow of traffic, causing a backup of three to four cars, and that Appellant sat in his truck at an intersection through at least two cycles of the traffic light turning green. (N.T. at 3–5). One reasonable inference from these facts is that Appellant was in violation of the MVC provision prohibiting the stopping, parking or standing of any vehicle upon the roadway when it is practicable to stop, park or stand the vehicle off the roadway. *See* 75 Pa.C.S.A. § 3351. Officer Ghafoor also testified that Appellant "moved to and from the right hand to the left hand lane a couple of times" without using appropriate signals. (N.T. at 4, 7). This gave rise to a reasonable inference that Appellant was in violation of the MVC provision prohibiting the moving of a vehicle from one traffic lane to another without giving an appropriate signal. *See* 75 Pa.C.S.A. § 3334.[4]

¶ 10 Further, the trial court found Officer Ghafoor to be an extremely credible witness, a determination which we have no reason to disturb. (N.T. at 16). Although Officer Ghafoor testified that he effectuated the traffic stop mainly on the basis of "a hunch that something was wrong", whether it was that Appellant was suffering from a mental condition or intoxicated, it is our determination that Officer Ghafoor's testimony at trial articulated sufficiently specific facts which provided him with probable cause to legitimately stop Appellant's vehicle. Moreover, it is of no moment that Appellant was not cited for violating the MVC, as an actual violation of the MVC need not ultimately be established to validate a traffic stop. *Snell, supra.*

¶ 11 In addition, even applying the "momentary and minor" standard enunciated in *Commonwealth v. Garcia,* 859 A.2d 820 (Pa.Super.2004)[5] to the instant facts, we determine that Officer Ghafoor's testimony did establish that Appellant engaged in significantly more than "momentary" erratic driving. Appellant's questionable conduct, to wit: parking in the flow of traffic and causing a backup, remaining stopped at an intersection for two rounds of green lights for no apparent reason, and changing lanes several times without using appropriate signals, lasted a total of approximately five minutes. (N.T. at 5). Such conduct, viewed as a whole, could not be considered "momentary and minor" transgressions. Therefore, probable cause did exist to justify the traffic stop.

75 Pa.C.S.A. §§ 3334, 3351.

cle off the roadway. In the event it is necessary to stop, park or stand the vehicle on the roadway or any part of the roadway, an unobstructed width of the highway opposite the vehicle shall be left for the free passage of other vehicles and the vehicle shall be visible from a distance of 500 feet in each direction upon the highway.
§ 3334. **Turning movements and required signals**
(a) **General rule.**—Upon a roadway no person shall turn a vehicle or move from one traffic lane to another or enter or enter the traffic stream from a parked position unless and until the movement can be made with reasonable safety nor without giving an appropriate signal in the manner provided in this section.

4. In the course of drawing Appellant's attention to get him to move on, Officer Ghafoor also observed that Appellant looked confused and that his face was beet red. (N.T. at 4). This could give rise to a reasonable inference that Appellant either had a medical condition or was intoxicated, and hence in violation of the MVC provision prohibiting driving under influence of alcohol or controlled substance. *See* 75 Pa.C.S.A. § 3731(a)(1) & (a)(4).

5. In *Garcia,* this Court stated that where a vehicle is driven outside the lane of traffic for just a momentary period of time and in a minor manner, a traffic stop is unwarranted. *Id.* at 823.

¶ 12 Based on the foregoing reasons, we conclude that the testimony elicited during the suppression hearing provided the suppression court with sufficient support for its findings of fact and its conclusions of law. Accordingly, we conclude that the motion to suppress was properly denied and we affirm the judgment of sentence.

¶ 13 Judgment of sentence affirmed.