J-S42025-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JOEY BATISTA WHITE | |
| Appellant | No. 276 EDA 2015 |

Appeal from the Judgment of Sentence December 4, 2014
In the Court of Common Pleas of Wayne County
Criminal Division at No(s): CP-64-CR-0000480-2013

BEFORE:  SHOGAN, J., MUNDY, J., and FITZGERALD, J.[*]

MEMORANDUM BY MUNDY, J.:          **FILED NOVEMBER 02, 2015**

Appellant, Joey Batista White, appeals from the December 4, 2014 aggregate judgment of sentence of one to five years' imprisonment, imposed after being convicted at a bench trial of driving under the influence (DUI) – general impairment, DUI - highest rate, and two further violations of the Motor Vehicle Code: turning movements and required signals, and careless driving.[1]

The relevant facts and procedural history, as gleaned from the certified record, are as follows.  On August 10, 2013, Appellant was arrested and charged with the aforementioned offenses.  On April 4, 2014, Appellant filed

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 75 Pa.C.S.A. §§ 3802(a)(1), 3802(c), 3334, and 3714, respectively.

an omnibus pre-trial motion requesting, *inter alia*, suppression of all evidence seized as a result of the initial traffic stop on the basis that said stop was not supported by probable cause. Appellant's Omnibus Pre-Trial Motion, 4/4/14, at ¶¶ 26-29. On June 12, 2014, the trial court held a hearing on Appellant's motion. Thereafter, on July 1, 2014, the trial court denied Appellant's motion and a non-jury trial was scheduled. On October 15, 2014, a one day bench trial was held at the conclusion of which Appellant was found guilty of all charges. On December 4, 2014, the trial court sentenced Appellant to one to five years of imprisonment.

On December 15, 2014, Appellant filed a timely post-sentence motion.[2] On December 18, 2014, the trial court denied Appellant's post-sentence motion. Thereafter, on January 16, 2015, Appellant filed a timely notice of appeal. On January 20, 2015, the trial court ordered Appellant to file a concise statement of errors complained of on appeal in accordance with Pennsylvania Rule of Appellate Procedure 1925(b). On February 10, 2015, Appellant timely complied. Thereafter, on March 3, 2015, the trial court filed its Rule 1925(a) opinion.

On appeal, Appellant raises the following issue for our review.

---

[2] The expiration of Appellant's 10-day period to file a timely post-sentence motion fell on Sunday December 14, 2014; therefore, his post-sentence motion filed on December 15, 2014 was timely. **See** 1 Pa.C.S.A. § 1908 (providing that when the last day of a calculated period of time falls on a Saturday or Sunday, such days shall be omitted from the computation).

[I.] Whether the trial court erred, as a matter of law, in finding sufficient probable cause to justify the underlying traffic stop of Appellant's vehicle for failure to utilize a turn signal; where the trial court made a clear and unambiguous factual determination, based upon a substantially undisputed record, that the use of a turn signal was not required at that particular junction of the road?

Appellant's Brief at 4.

When reviewing a challenge to a trial court's denial of a suppression motion, we adhere to the following well-established standard of review.

[An appellate court's] standard of review in addressing a challenge to the denial of a suppression motion is limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Because the Commonwealth prevailed before the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the suppression court's factual findings are supported by the record, [the appellate court is] bound by [those] findings and may reverse only if the court's legal conclusions are erroneous. Where … the appeal of the determination of the suppression court turns on allegations of legal error, the suppression court's legal conclusions are not binding on an appellate court, whose duty it is to determine if the suppression court properly applied the law to the facts. Thus, the conclusions of law of the courts below are subject to [] plenary review.

*Commonwealth v. Garibay*, 106 A.3d 136, 138-139 (Pa. Super. 2014) (*en banc*), *quoting* *Commonwealth v. Jones*, 988 A.2d 649, 654 (Pa. 2010)

(internal citations and quotation marks omitted), *cert. denied*, 562 U.S. 832 (2010).[3]

We begin by noting, "[i]t is undisputed that the stopping of an automobile and the detention of its occupants is a seizure subject to constitutional restraints." ***Id.*** at 139 (citation omitted). Therefore, Appellant's issue implicates the Fourth Amendment to the United States Constitution and Article I, Section 8 of the Pennsylvania Constitution, as both afford protection against unreasonable searches and seizures. U.S. Const. amend. IV; Pa. Const. art. I, § 8. "While warrantless seizures such as a vehicle stop are generally prohibited, they are permissible if they fall within one of a few well-delineated exceptions." ***Commonwealth v. Brown***, 996 A.2d 473, 476 (Pa. 2010) (citation omitted). The Pennsylvania Motor Vehicle Code provides for one such exception, based on reasonable suspicion of a motor vehicle code violation. 75 Pa.C.S.A. § 6308(b).

_____

[3] Our Supreme Court has recently clarified our scope of review when considering a challenge to a trial court's suppression ruling is limited to the suppression hearing record, and "it is inappropriate to consider trial evidence as a matter of course, because it is simply not part of the suppression record, absent a finding that such evidence was unavailable during the suppression hearing." ***In re L.J.***, 79 A.3d 1073, 1085. Because prior cases held that a reviewing court could consider the trial record in addition to the suppression record, the Supreme Court determined that the more limited scope announced in ***In re L.J.*** would apply prospectively to cases where the suppression hearing occurred after October 30, 2013. ***Id.*** at 1088-1089. Instantly, the subject suppression hearing was held on June 12, 2014. Accordingly, our scope of review is limited to the suppression hearing record.

"However, in [**Commonwealth v. Feczko**, 10 A.3d 1285, 1291 (Pa. Super. 2010) (*en banc*),] this Court held that a police officer must have probable cause to support a vehicle stop where the officer's investigation subsequent to the stop serves no 'investigatory purpose relevant to the suspected [Motor Vehicle Code] violation.'" ***Id.*** Instantly, Officer Felsman initiated a traffic stop on the basis that the vehicle Appellant was operating had "made a left hand turn without signaling[]" in violation of Section 3334(a) of the Motor Vehicle Code. N.T., 6/12/14, at 4. This Court has held that probable cause is required for a traffic stop made under Section 3334(a) of the Motor Vehicle Code. **Commonwealth v. Brown**, 64 A.3d 1101, 1105 (Pa. Super. 2013), *appeal denied*, 79 A.3d 1096 (Pa. 2013).

Therefore, at the suppression hearing, Officer Felsman was required to "articulate specific facts possessed by him, at the time of the questioned stop, *which would provide **probable cause** to believe that the vehicle or the driver was in violation of some provision of the Code.*" **Feczko**, **supra** (citation omitted; emphasis in original).

Appellant argues the trial court "made a finding of fact that the portion of the road in question here does not constitute a turn in which a turn signal is required pursuant to the Motor Vehicle Code." Appellant's Brief at 9. Specifically, the trial court found that Appellant "was not making a turn, he was merely following the continual path of the roadway as it curved … and the lack of any evidence of signage indicating that a motorist is leaving

Church Street and turning onto Park Street leads [the trial c]ourt to conclude that the part of the road in question here does not constitute a turn in which a turn signal is required pursuant to the Motor Vehicle Code." Suppression Opinion, 7/1/14, at 4. As such, Appellant argues that because the sole basis of Officer Felsman's stop was Appellant's failure to use his turn signal, the stop resulted in an illegal seizure and subsequent arrest. Appellant's Brief at 9.

We begin by looking at the trial court's Rule 1925(a) opinion clarifying its holding in its suppression opinion.

> Th[e trial c]ourt acknowledges that "reasonable suspicion" was not the appropriate standard in this case, however, Trooper Felsman's traffic stop of [Appellant] remains justified under the appropriate standard of "probable cause."
>
> In determining when a traffic stop is justified, our Supreme Court has stated that an officer must "articulate specific facts possessed by him, at the time of the questioned stop, which would provide probable cause to believe that the vehicle or the driver was in violation of some provision of the Code." **Com**[**monwealth**] **v. Spieler**, 887 A.2d 1271, 1275 (Pa. Super. Ct. 2005). "Probable cause does not require certainty, but rather exists when criminality is one reasonable inference, not necessarily even the most likely inference." **Id.** An actual violation of the Code, therefore, does not need to be established to validate a vehicle stop. **Id.** An officer only needs a "reasonable and articulable belief" that there has been a violation of Code based on the specific facts possessed by him at the time of the stop. **Id.**
>
> In **Com**[**monwealth**] **v. Brown**, [64 A.3d 1101 (Pa. Super. 2013)] a Pennsylvania State

Trooper observed the Defendant make a left turn from Richhill Street onto Greene Street without using a turn signal. **Brown**, [**supra** at] 1103[]. Upon a roadway, under 75 Pa. C.S.A. § 3334(a), "no person shall turn a vehicle or move from one traffic lane to another or enter the traffic stream from a parked position unless and until the movement can be made with reasonable safety nor without giving an appropriate signal…." Based upon this statute, the Court in **Brown** held that since the Trooper testified that he personally observed the defendant turn his vehicle from one street to another without using his turn signal, he unquestionably possessed facts to warrant belief by any reasonable person that Defendant violated the vehicle code. **Brown**, [**supra**] at 1105-06.

In the present case, Trooper Felsman had a similar "reasonable and articulable belief" that there had been a violation of Code. For instance, similar to the Trooper's testimony in **Brown**, Trooper Felsman testified that he observed [Appellant] turn his vehicle from one street to another without using his turn signal. More specifically, Trooper Felsman testified that: (1) he observed [Appellant] turn left onto Park Street from the right-hand lane of Church Street without using his turn signal, (2) Park Street and Church Street come to a T-intersection, and (3) [Appellant] had the option to turn left or right onto Park Street. Trooper Felsman further testified that he was familiar with the **Brown** case at the time of the stop and believed it applied to the case at hand. The facts in this case, as the facts were in **Brown**, would unquestionably warrant belief by any reasonable person that [Appellant] violated the vehicle code. Therefore, the traffic stop at issue was valid. The Trial Court, therefore, did not abuse its discretion and commit reversible error by denying [Appellant]'s Omnibus Motion to Suppress Evidence.

Trial Court Opinion, 3/3/15, at 1-3.

In reviewing the trial court's conclusion, we are guided by the United States Supreme Court's holding in **Heien v. North Carolina**, 135 S. Ct. 530 (2015). In **Heien**, the Court held a "mistake of law can nonetheless give rise to the reasonable suspicion necessary to uphold the seizure under the Fourth Amendment." **Id.** at 534. Specifically, Heien was driving a vehicle with one stop light out, which the officer believed was a violation of North Carolina law. The trial court agreed and denied Heien's motion to suppress, however, the North Carolina Court of Appeals reversed "determin[ing] that a single working brake light was all the law required." **Id.**

Upon review, the Supreme Court concluded "[i]t was … objectively reasonable for an officer in Sergeant Darisse's position to think that Heien's faulty right brake light was a violation of North Carolina law. And because the mistake of law was reasonable, there was reasonable suspicion justifying the stop." **Id.** at 540. The Court stated that to qualify as a reasonable mistake of law, it must be objectively reasonable. **Id.** at 539. A mistake of law will be considered objectively reasonable where "the application of a statute is unclear—however clear it may later become." **Id.** As Justice Kagan explained, "[i]f the statute is genuinely ambiguous, such that overturning the officer's judgment requires hard interpretive work, then the officer has made a reasonable mistake. But if not, not." **Id.** at 541 (Kagan, J., concurring).

Here, the relevant statute, Section 3334(b), requires "[a]t speeds of less than 35 miles per hour, an appropriate signal of intention to turn right or left shall be given continuously during not less than the last 100 feet traveled by the vehicle before turning." 75 Pa.C.S.A. § 3334(b). The statute's text contains no exceptions. Instantly, Officer Felsman, similar to the officer in **Heien**, believed that a turn signal was necessary pursuant to Section 3334 of the Motor Vehicle Code in order to effectuate a left turn onto Park Street. The trial court correctly observed "the Motor Vehicle Code is silent on what constitutes a 'turn' and … minds can reasonably differ on whether or not the intersection in question does constitute a turn[.]" Suppression Court Opinion, 7/1/14, at 2. As in **Heien**, Officer Felsman was incorrect. However, in our view, it was objectively reasonable for him to conclude that Section 3334(b) required a turn signal in an intersection such as this one, where a driver has the option to turn right or left, but the flow of traffic continues around to the left. As the trial court concluded, consistent with **Heien**, this was an objectively reasonable mistake of law, as Section 3334(b)'s application to this intersection was "unclear." **See Heien**, **supra**. Accordingly, we conclude the trial court correctly decided that Officer Felsman had probable cause to stop Appellant's vehicle.

Based on the foregoing discussion, we conclude the trial court did not err when it found Officer Felsman was within his authority to initiate a traffic stop for a violation of the motor vehicle code. **See Feczko**, **supra**.

Accordingly, the trial court's December 14, 2014 judgment of sentence is affirmed.

Judgment of sentence affirmed.

Justice Fitzgerald joins the memorandum.

Judge Shogan concurs in the result.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/2/2015