J-S67017-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ALLEN MICHAEL PUIT | : | |
| | : | |
| Appellant | : | No. 1060 MDA 2019 |

Appeal from the Judgment of Sentence Entered June 14, 2019
In the Court of Common Pleas of Centre County Criminal Division at
No(s): CP-14-CR-0001416-2018

BEFORE:  OLSON, J., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY DUBOW, J.:                    **FILED JANUARY 14, 2020**

Appellant, Allen Michael Puit, appeals from the June 14, 2018 Judgment

of Sentence entered in the Centre County Court of Common Pleas following

his conviction of Driving Under the Influence ("DUI")-High Rate of Alcohol,

Turning Movements and Required Signals, Driving at a Safe Speed, and

Careless Driving.[1] On appeal, Appellant challenges the denial of his Motion to

Suppress. After careful review, we affirm.

We glean the following facts from the certified record. On the evening

of May 17, 2018, Pennsylvania State Police Troopers Danko and Kopp were

conducting routine patrol in Bellefonte Borough. Around 11:27 P.M., they were

traveling behind a silver coupe on West Lamb Street. The coupe turned left

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 75 Pa.C.S.§§ 3802(b), 3334(a), 3361, and 3714(a), respectively.

onto North Spring Street, and traveled approximately 60 yards before pulling into a parking spot along the side of the road. Because the driver of the coupe failed to use his turn signal before parking, Trooper Danko initiated a traffic stop for a turn signal violation.

Upon approaching the driver's side of the car, Trooper Danko detected a strong smell of alcohol emitting from the vehicle. He observed that the driver of the coupe, Appellant, had bloodshot and glassy eyes. Therefore, Trooper Danko administered a field sobriety test and preliminary breath test; both tests indicated the presence of alcohol. Trooper Danko then arrested Appellant for DUI. A subsequent blood test revealed that Appellant's blood alcohol content was 0.152 percent. Appellant was charged with, *inter alia*, the above violations of the Vehicle Code.

Appellant filed an Omnibus Pre-Trial Motion to Suppress, contending that the May 17, 2018 stop was illegal. The court held a suppression hearing on December 7, 2018, after which it denied the Motion.[2] The matter proceeded to a bench trial. The court found Appellant guilty of the above Vehicle Code violations. On June 14, 2019, the court sentenced Appellant to, *inter alia*, ninety days to five years of imprisonment. Appellant filed a Post-Sentence Motion, which the trial court denied.

---

[2] Trooper Danko did not appear at the Suppression Hearing. Instead, the Commonwealth introduced into evidence Trooper Danko's testimony from Appellant's August 22, 2018 Preliminary Hearing.

Appellant timely appealed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issue for our review: "Did the trial court err in denying Appellant's suppression motion, holding that [Appellant] changed lanes of traffic and/or turned when he pulled to the side of the road, requiring use of his turn signal, and therefore the officer had probable cause to pull him over?" Appellant's Br. at 9.

We review the trial court's decision to deny a motion to suppress to determine "whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct." ***Commonwealth v. Milburn***, 191 A.3d 891, 897 (Pa. Super. 2018) (citation omitted). "Because the Commonwealth prevailed before the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole." ***Commonwealth v. Freeman***, 150 A.3d 32, 34 (Pa. Super. 2016) (citation omitted). We are bound by the suppression court's factual findings where they are supported by the record, and we may reverse only if the court's legal conclusions are erroneous. ***Id.*** at 35. Because this Court's mandate is to determine if the suppression court properly applied the law to the facts, our scope of review is plenary. ***Id.***

Appellant contends that Trooper Danko did not have probable cause to stop his vehicle because the Vehicle Code does not require that he use his turn signal to park. Appellant's Br. at 16-25. Specifically, he asserts that

parking lanes on the side of roads are not "traffic lanes," noting that the Vehicle Code and case law do not define the term. *Id.* at 5, 18.

Section 3334 of the Code requires a driver to use a turn signal when turning a vehicle, moving from one traffic lane to another, and entering the traffic stream from a parked position. 75 Pa.C.S. § 3334(a). The Code does not define the term "traffic lane."

A traffic stop is justified where the police officer has probable cause to believe that the driver has violated a provision of the Vehicle Code. ***Commonwealth v. Spieler***, 887 A.2d 1271, 1275 (Pa. Super. 2005). Where the facts and circumstances known to the officer warrant a reasonable and prudent person in believing that an offense has been committed, a vehicle stop is valid. ***Commonwealth v. Salter***, 121 A.3d 987, 997 (Pa. Super. 2015). The U.S. Supreme Court noted that while the government cannot impose criminal liability based on a mistaken understanding of the law, an officer's mistake of law does not invalidate a vehicle stop. ***Heien v. North Carolina***, 574 U.S. 54, 67 (2015). An officer's mistake of law is considered objectively reasonable where "the application of a statute is unclear—however clear it may later become." ***Id.*** at 66. ***See id.*** at 67 (holding that the officer's mistake of law in stopping vehicle for having only one brake light working was objectively reasonable).

Here, the controlling question is whether Trooper Danko had a reasonable and articulable belief that Appellant was in violation of the Vehicle

Code based on the specific facts possessed by him at the time of the stop. *See Spieler*, **supra** at 1275.

At the suppression hearing, the Commonwealth presented the preliminary hearing testimony of Trooper Danko. Trooper Danko testified that on the night in question, he was patrolling with Trooper Koop. N.T., 8/22/18, at 5. He observed Appellant quickly leave the lane of travel to pull his vehicle into a parking space without utilizing his turn signal. *Id.* Trooper Danko explained that he was trained on the Vehicle Code, and that a driver is required to use a turn signal when leaving or entering a lane of travel. *Id.* at 9. Thus, he initiated a traffic stop because Appellant he did not use his turn signal when he left his lane of travel to park on the side of the road. *Id.* at 8.

As noted by both parties, the Vehicle Code is silent on what constitutes a "traffic lane." However, because the Code requires a driver to signal to other drivers his intention to move out of the flow of traffic, it was objectively reasonable for Trooper Danko to believe that Section 3334(b) requires a driver to signal when he pulls out of the travel lane to park his car. Thus, we conclude that Trooper Danko had a reasonable and articulable belief that Appellant had violated the Vehicle Code.

Accordingly, we conclude that the trial court correctly determined that Trooper Danko had probable cause to stop Appellant's vehicle and properly denied Appellant's Motion to Suppress.

Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/14/2020