J-S55009-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ERVIN MOORE | : | |
| | : | |
| Appellant | : | No. 1751 WDA 2019 |

Appeal from the Judgment of Sentence Entered October 24, 2019
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0005366-2019

BEFORE:   BOWES, J., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY BOWES, J.:                    **FILED: MARCH 23, 2021**

Ervin Moore appeals from the judgment of sentence imposed following his convictions for possession of a controlled substance (heroin) and possession of drug paraphernalia.  He challenges the trial court's denial of his motion to suppress.  After review, we affirm.

Appellant was arrested and charged with the aforementioned crimes, as well as possession with intent to deliver ("PWID"), based on events that occurred on April 25, 2019.  He filed a motion to suppress the evidence obtained when he was searched incident to his arrest, claiming a lack of probable cause for the arrest.

_____

[*] Retired Senior Judge assigned to the Superior Court.

At the suppression hearing, the Commonwealth presented Detective Steven Maritz[1] of the Monroeville Police Department, who testified to the following. On April 25, 2019, Detective Maritz was working as a member of the Attorney General's Drug Task Force, conducting drug investigations in Wilkinsburg Borough outside of Pittsburgh, Pennsylvania. *See* N.T. Suppression Hearing, 9/4/19, at 4, 7. He was familiar with Wilkinsburg as he had worked on multiple "buy bust" operations in that area in the past. *Id*. at 8. That evening, he received a call from a confidential informant ("CI") advising him that a light-skinned black male with a tattoo across his throat recently delivered heroin to a location near McNary Boulevard in Wilkinsburg. *Id*. at 3. The CI was in the area. *Id*. at 8. Detective Maritz arranged for a controlled buy, which involved the CI contacting the seller to order three bricks of heroin. *Id*. at 4. The seller responded to the CI at 5:18 p.m., stating that he would be at the McNary Boulevard area of Wilkinsburg within thirty seconds and that he would be wearing a black hoodie. *Id*. Detective Maritz, acting in an undercover capacity, was already at that location. In less than one minute, a male matching the description provided by the CI ran toward Detective Maritz's unmarked police vehicle. *Id*. at 5. As the individual ran, he held the front pocket of his hoodie, which indicated to Detective Maritz that the individual could be carrying a weapon. *Id*. The individual then attempted to

_____

[1] In the record, Detective Maritz's name appears as both "Moritz" and "Maritz."

- 2 -

open the rear door of the unmarked police car, but it was locked. *Id*.
Detective Maritz exited the vehicle and placed the individual, identified as
Appellant, under arrest. *Id*.

Another detective present at the scene searched Appellant incident to
arrest, and found a baggie containing approximately 2.8 grams of an off-white
powder, five bundles of heroin, and five small bags marked "Cloud 9." *Id*. at
6. The police also recovered an empty gun holster from Appellant, but no
weapon was found. *Id*.

Detective Maritz stated that he had performed numerous arrests for
narcotics transactions in the area, and on many occasions, the defendants
were carrying firearms. *Id*. at 7. Additionally, based on his experience and
training, the detective testified that drug dealers often enter vehicles to
consummate drug sales. *Id*. at 6. The detective testified that he believed
Appellant was armed and that Appellant intended to sell drugs, based upon
the information and description received from the CI and Appellant's attempt
to enter the unmarked police vehicle. *Id*. at 8.

At the conclusion of Detective Maritz's testimony, the trial court heard
Appellant's arguments in support of his motion to suppress. Appellant
maintained that there was no probable cause to arrest, and, therefore, there
was no lawful basis for the police to perform a search of his person. The court
subsequently denied Appellant's motion. Order, 9/5/19, at 1.

On October 24, 2019, Appellant was found not guilty at a non-jury trial of PWID, but was convicted of the other possessory offenses. *Id*. The trial court subsequently sentenced Appellant to consecutive one-year terms of probation. *Id*. at 1. Appellant timely filed a notice of appeal, and complied with the trial court's order to file a concise statement of errors complained of on appeal. *Id*.

The sole issue raised by Appellant for our review is whether the trial court erred when it denied Appellant's motion to suppress. Appellant's brief at 5. He argues that the police did not have probable cause to arrest him and search his person. *Id*.

Our scope and standard of review of a suppression issue is well settled:

> An appellate court's standard of review in addressing a challenge to the denial of a suppression motion is limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Because the Commonwealth prevailed before the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the suppression court's factual findings are supported by the record, the appellate court is bound by those findings and may reverse only if the court's legal conclusions are erroneous. Where . . . the appeal of the determination of the suppression court turns on allegations of legal error, the suppression court's legal conclusions are not binding on an appellate court, whose duty it is to determine if the suppression court properly applied the law to the facts. Thus, the conclusions of law of the courts below are subject to plenary review.

*Commonwealth v. Smith*, 164 A.3d 1255, 1257 (Pa.Super. 2017) (internal citations omitted).

Under both the United States and Pennsylvania Constitutions, people are generally free from unreasonable searches and seizures absent a warrant supported by a showing of probable cause. **See** U.S. Const. amend. IV; **see also** Pa. Const. art. I, § 8. However, "[n]ot every search must be conducted pursuant to a warrant, for the Fourth Amendment bars only unreasonable searches and seizures." **Commonwealth v. Taylor**, 771 A.2d 1261, 1266 (Pa. 2001). Police may conduct a warrantless arrest when they have probable cause.[2] **See Commonwealth v. Thompson**, 985 A.2d 928 (Pa. 2009) (holding that police must have probable cause to effect warrantless arrest). Probable cause for arrest is

> made out when the facts and circumstances which are within the knowledge of the officer at the time of the arrest, and of which he has reasonably trustworthy information, are sufficient to warrant a man of reasonable caution in the belief that the suspect has committed or is committing a crime.

**Commonwealth v. Brogdon**, 220 A.3d 592, 599 (Pa.Super. 2019) (**citing Thompson**, **supra**, at 931). Moreover, probable cause is not a requirement of "absolute certainty," but exists "when criminality is one reasonable inference, not necessarily even the most reasonable inference." **Commonwealth v. Spieler**, 887 A.2d 1271, 1275 (Pa.Super. 2005).

Probable cause is evaluated according to the totality of the circumstances test, which the United States Supreme Court described as

---

[2] Another exception to the warrant requirement is a search incident to a valid arrest. **See**, **e.g.**, **Commonwealth v. Evans**, 153 A.3d 323, 328 (Pa.Super. 2016).

based on "the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act." ***Illinois v. Gates***, 426 U.S. 213, 231 (1983); ***see Commonwealth v. Gray***, 503 A.2d 921 (Pa. 1985) (holding that the totality of the circumstances test also meets the requirements of Article I, Section 8 of our Pennsylvania Constitution).

Where, as here, information from a CI provides a partial basis for probable cause, the reliability of the CI must be established. In ***Gates***, ***supra*** at 233-34, the Supreme Court of the United States held that the reliability of an informant can be based on the "unusual reliability of his predictions." Absent such evidence, however, objective corroboration of a CI's tip by police observation may suffice to establish probable cause. ***See Commonwealth v. Sanchez***, 907 A.2d 477, 488 (Pa. 2006) (holding "[i]nformation received from an informant whose reliability is not established may be sufficient to create probable cause where there is some independent corroboration by police of the informant's information.").

Appellant argues that his arrest was not supported by probable cause because the totality of the circumstances showed that a person of reasonable caution could not have believed that a crime had been or was being committed. Appellant notes that "Detective Maritz did not observe any contraband in Appellant's possession or even the start of a drug transaction[,]" or engage in any behavior that would constitute a crime. Appellant's brief at 13, 14. He relies upon ***Commonwealth v. Clark***, 735 A.2d 1248, 1253 (Pa.

1999), for the proposition that, at the very least, a defendant must take a "substantial step" towards a crime for officers to have probable cause for an arrest. Although Appellant tried to open the door of the unmarked police car, Appellant argues that "a reasonable observer could not conclude that he was trying to initiate a drug sale." Appellant's brief at 16. Appellant posits that he may have been "trying to have a conversation with the individual who, according to Detective Maritz, had texted with him." **Id**.

Appellant argues further that the CI's tip was the only means by which the police learned of him. He relies upon **Commonwealth v. Luv**, 735 A.2d 87, 90 (Pa. 1999), for the proposition that an informant's tip "may constitute probable cause where police independently corroborate the tip, or where the informant has provided accurate information of criminal activity in the past[,]" but contends that neither occurred herein. He cites **In the Interest of O.A.**, 717 A.2d 490 (Pa. 1998) (plurality), as an instance where, on similar facts, a CI's tip alone was held to be insufficient to supply probable cause for arrest.

Appellant contends further that the arrest could not be justified merely because Detective Maritz thought Appellant may have had a weapon in his hoodie. **See Commonwealth v. Hicks**, 208 A.3d 916, 921, 951 (Pa. 2019) (holding that carrying a concealed firearm is not *per se* reasonable suspicion, let alone grounds for probable cause). He argues that the fact that Appellant tried to open the door of the unmarked vehicle was merely a circumstance providing at most reasonable suspicion to support a **Terry** stop and frisk for

officer safety. According to Appellant, neither circumstance amounted to probable cause for a warrantless arrest and search incident thereto.

The Commonwealth counters that the law requires an examination of the totality of the circumstances in determining whether probable cause exists for a warrantless arrest. In contrast to the facts in *Hicks*, the Commonwealth argues that Detective Maritz's belief that Appellant was armed was not the only circumstance that led him to infer that Appellant was engaged in criminal activity. In addition, there was the tip from the CI, corroborated by the Detective's own observations. Although it was not established at the suppression hearing that the CI had a history of reliability, the Commonwealth contends that independent observations of the detectives provided the necessary corroboration of the CI's tip. *See Commonwealth v. Clark*, 28 A.3d 1284, 1288 (Pa. 2011) (holding that "an informant's tip may constitute probable cause where police independently corroborate the tip"); *see also Commonwealth v. Bernard*, 218 A.3d 935 (Pa.Super. 2019) (finding informant reliable where informant had prior drug dealings with appellant, provided detailed physical description of appellant and his vehicle, appellant arrived at meet as scheduled at established location, and intercepted telephone calls confirmed that informant owed appellant money and was bringing drugs). The Commonwealth contends that the CI's tip herein was reliable as it was independently corroborated by police. At the time and place for the prearranged drug buy, Detective Maritz observed a man who met the

specific description of the seller provided by the CI running towards his unmarked police vehicle. That man, identified as Appellant, attempted to enter the vehicle, which Detective Maritz testified was consistent with drug sales.

In denying suppression, the court concluded the following:

> In this case the confidential informant provided a very specific physical description of the individual who was willing to sell heroin. The informant arranged the purchase of the heroin and [Appellant] arrived at the exact time and place designated for the sale. [Appellant] matched the physical description provided by the informant and also was wearing the black hoodie as described. In addition, he was holding his hoodie in a manner that lead the officers to believe that he might be armed, which is often the case with drug dealers. . . [Appellant] also approached and tried to enter a vehicle that he clearly had no connection with as it was occupied by the detectives. It is clear that the detectives did not arrest [Appellant] on a mere hunch that he was involved in a drug transaction that was taking place, nor did they arrest [Appellant] without corroborating facts that supported the reasonable belief that [Appellant] was in possession of heroin or other narcotics. The fact that the detectives did not see the drugs prior to his arrest or that the drug buy was not conducted, does not negate the reasonable belief that [Appellant] had appeared at the scene as planned with drugs in his possession. It is clear that the planned sale was interrupted only as a result of [Appellant's] effort to enter the detective's vehicle. Considering the totality of the circumstances, the detectives had sufficient facts to warrant a man of reasonable caution to believe that [Appellant] was in the process of committing a crime and, therefore, had probable cause to arrest him and to conduct a search incident to the arrest.

Trial Court Opinion, 2/27/20, at 4-5 (citation omitted).

We agree with the Commonwealth that, in challenging the trial court's probable cause determination, Appellant examines the circumstances individually, rather than considering the totality of the circumstances. In this

case, the existence of probable cause hinged in part on whether the CI's information was established as reliable.[3]  We find **O.A.** inapposite, as therein, the Court found that an officer's statement that the informant had provided reliable information in the past was insufficient to show reliability, and the informant's tip that the appellant sold drugs did not provide the police with sufficient facts to warrant an inference that an offense was being committed at the time of the arrest.  Herein, although the Commonwealth did not establish that the CI had a proven record of reliability, it did not rely merely on the CI's tip that Appellant sold heroin.  The police and the CI set up a drug buy.  The CI provided information about the time and place of the buy, as well as a specific description of the seller, that the police independently verified less than one minute later.

The detective's observations of Appellant's physical appearance and clothing as he appeared at the predetermined location at the precise time the CI reported, together with Appellant's attempt to enter the vehicle he otherwise had no reason to enter, corroborated the CI's description and information.  In addition to the foregoing, Detective Maritz had reason to believe that Appellant was armed, based on the manner in which he was running.  Unlike the situation in **Hicks**, upon which Appellant relies, this was

---

[3] There is no indication that this was anonymous tip.  **See Commonwealth v. Brown**, 996 A.2d 473, 478 (Pa. 2010) (recognizing that providing false information has consequences for a known informant, which tips the scales toward credibility).

just one of many facts leading Detective Maritz to believe that a crime was being committed or about to be committed. Finally, based on his experience, the detective also knew that drug sellers often enter vehicles to consummate a sale, and Appellant's attempt to do so was an additional fact warranting a man of reasonable caution to believe that Appellant was in the process of committing a crime.

We find that the record of the suppression hearing and the applicable law support the court's finding that the detectives had probable cause to arrest Appellant, and the search was conducted incident to a lawful arrest. Hence, we affirm the denial of Appellant's suppression motion.

Judgment of sentence affirmed.

Judge Colins joins the memorandum.

Judge McCaffery files a dissenting memorandum.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/23/2021