J-A25032-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANDREW SCHNUPP | : | |
| | : | |
| Appellant | : | No. 337 WDA 2021 |

Appeal from the Judgment of Sentence Entered February 4, 2021
In the Court of Common Pleas of Allegheny County Criminal Division at
No: CP-02-CR-0004697-2020

BEFORE: KUNSELMAN, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.: **FILED: FEBRUARY 25, 2022**

Appellant, Andrew Schnupp, appeals from the aggregate judgment of

sentence of 18 months' of probation, which was imposed after his conviction

at a bench trial for possession of a controlled substance.[1] We affirm.

The trial court, in its opinion, discusses the facts underlying this appeal

as follows.

> On February 2[3], 2020, the Defendant was pulled over by Officer
> Jason Moss at approximately nine o'clock in the evening. Officer
> Moss observed the Defendant's vehicle to have tinted windows
> that prevented the officer from clearly observing the driver or
> other occupants of the vehicle. Upon initiating the traffic stop and
> approaching the vehicle, Officer Moss observed the Defendant
> shoving an object down the front of his pants in a furtive
> movement. When Officer Moss subsequently questioned the
> Defendant regarding this action, the Defendant readily admitted
> to putting one stamp bag of heroin in his pants by providing the

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 35 Pa.C.S. § 780-113(a)(16).

drugs to the officer. Officer Moss requested the Defendant retrieve the narcotics and the Defendant complied. He was then placed under arrest. The alleged narcotics were transported to the Crime Lab for testing and came back positive for heroin and fentanyl.

Trial Court Opinion (TCO), at 1-2.

Appellant was charged with possession of a controlled substance and driving with a suspended license.[2] Appellant filed a motion to suppress the traffic stop and any evidence obtained, based on a lack of reasonable suspicion to stop Appellant's vehicle. Motion to Suppress, 1/11/21. After a hearing on February 4, 2021, the trial court denied Appellant's motion to suppress. Order, 2/4/21. The trial court found that Officer Moss had reasonable suspicion to stop Appellant's vehicle. Appellant proceeded to a non-jury trial and the trial court found Appellant guilty of possession of a controlled substance. Appellant proceeded to sentencing the same day, and the trial court sentenced Appellant to 18 months' of probation. Order of Sentence, 2/4/21. Appellant filed a timely notice of appeal on March 5, 2021.[3]

Appellant presents the following issue for our review:

Did the arresting officer possess the requisite reasonable suspicion to stop Mr. Schnupp's vehicle for a violation of the window tint statute, 75 Pa.C.S. Section 4524(e)(1), where there was no

---

[2] The Commonwealth withdrew the charge of driving with a suspended license, 75 Pa.C.S. § 1543(b)(1)(i). **See**, N.T., 2/4/21, at 13.

[3] The trial court ordered Appellant to file a Pa.R.A.P. 1925(b) statement on March 31, 2021. Appellant filed a timely Rule 1925(b) statement on April 12, 2021.

evidence that the tint on his windows prevented a person from seeing inside the vehicle?

Appellant's Brief, at 4 (suggested answer omitted).

> In reviewing a suppression court's denial of a suppression motion,
>
> we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the suppression court's factual findings are supported by the record, we are bound by these findings and may reverse only if the court's legal conclusions are erroneous. . . . Nonetheless, we exercise plenary review over the suppression court's conclusions of law.

*Commonwealth v. Johnson*, 107 A.3d 52, 93 (Pa. 2014) (citations omitted). "It is within the exclusive province of the suppression court to, 'pass on the credibility of witnesses and determine the weight to be given to their testimony.'" *Commonwealth v. Fudge*, 213 A.3d 321, 326 (Pa. Super. 2019) (internal citation omitted). "This Court will not disturb a suppression court's credibility determination absent a clear and manifest error." *Id*., at 326-27.

Appellant argues Officer Moss lacked reasonable suspicion to stop his vehicle because Officer Moss testified that the tint on Appellant's windows prevented him from clearly observing the driver or occupants of the vehicle and did not state that he was prevented from viewing the inside of the vehicle. Appellant's Brief, at 8. The Commonwealth argues that the trial court used the wrong standard at the suppression hearing, therefore, Appellant's issue is waived. Appellee's Brief, at 1. The Commonwealth posited that the standard at the suppression hearing should have been whether Officer Moss had

probable cause, not reasonable suspicion, to stop Appellant's vehicle. Appellant filed a reply brief with this Court and argues that the trial court used the proper standard at the suppression hearing, reasonable suspicion. Alternately, Appellant argues that even if the standard is probable cause, the question is properly before this Court because if a stop lacks reasonable suspicion, it also lacks probable cause.

Before addressing Appellant's challenge to Officer Moss's observations, we will address the Commonwealth's assertion that Appellant waived his issue on appeal because the trial court used the wrong standard at the suppression hearing. "The issue of what quantum of cause a police officer must possess in order to conduct a vehicle stop based on a possible violation of the Motor Vehicle Code is a question of law, over which our scope of review is plenary and our standard of review is *de novo*. **Commonwealth v. Harris**, 176 A.3d 1009, 1019 fn.3 (Pa. Super. 2017) (*citing* **Commonwealth v. Chase**, 960 A.2d 108 (Pa. 2008)).

The vehicle code contains the following provision regarding investigation by police officers.

> **(b) Authority of police officer.**--Whenever a police officer is engaged in a systematic program of checking vehicles or drivers or has reasonable suspicion that a violation of this title is occurring or has occurred, he may stop a vehicle, upon request or signal, for the purpose of checking the vehicle's registration, proof of financial responsibility, vehicle identification number or engine number or the driver's license, or to secure such other information as the officer may reasonably believe to be necessary to enforce the provisions of this title.

75 Pa.C.S. § 6308(b) (bold in original).  This Court has stated, "[t]raffic stops based on a reasonable suspicion: either of criminal activity or a violation of the Motor Vehicle Code under the authority of Section 6308(b) must serve a stated investigatory purpose."  **Commonwealth v. Feczko**, 10 A.3d 1285, 1291 (Pa. Super. 2010) (citation omitted).  Alternately, this Court has held, an officer must have probable cause "for a stop based on an observed violation of the vehicle code or another non-investigable offense."  **Harris**, 176 A.3d at 1009.

In **Commonwealth v. Prizzia**, 260 A.3d 263 (Pa. Super. 2021), this Court determined "the appropriate quantum of cause necessary to validate a traffic stop based on a violation of section 4524(e)(1) [window tint statute,] is dependent on the specific facts of each case."  **Id**., at 269 fn.2.  This Court elaborated,

> In some situations[,] . . . a probable cause standard will apply because the officer's testimony establishes that a window-tint violation was immediately apparent to the officer, and no further investigatory purpose was served by the traffic stop. In other cases[,] . . . a reasonable suspicion standard could apply because the officer's testimony demonstrates that he or she stopped the vehicle to get a closer and/or unobstructed view of the windows, in further investigation of whether the tint violates section 4524(e)(1).

**Id**.  This Court articulated, "our decision today should not be read as precluding application of a reasonable suspicion standard to a stop for a window-tint violation, if the specific facts of the case demonstrate that an investigatory purpose was served by the stop."  **Id**.

Turning to the facts before us, we determine a probable cause standard applies. The following exchange occurred between Officer Moss and the Commonwealth on direct examination after Officer Moss testified to his observations about Appellant's vehicle.

> Commonwealth: And you determined that there was a violation of the vehicle?
>
> Officer Moss: Yes.
>
> Commonwealth: And what did you do after you determined that there was a violation?
>
> Officer Moss: Initiated a traffic stop at 4751 McKnight Road.

N.T., Motion to Suppress, 2/4/21, at 6-7. On cross-examination, Officer Moss testified that he did not issue a citation to Appellant for a traffic code violation based on window tint. *Id*., at 12. On redirect, Officer Moss testified "[t]here was not a specific reason" that he did not charge Appellant with a violation of the traffic code based on window tint. *Id*., at 12. Officer Moss continued, "truthfully, it is an oversight on my part. At the same time, my focus was on the possession. I understand obviously that the window tint was the probable cause for that. It is an oversight on my part really." *Id*., at 12-13.

Officer Moss's testimony demonstrates that he did not initiate the stop of Appellant's car to further investigate a possible window tint violation, but that he believed a violation had occurred. Therefore, we find that a probable cause standard applies to the stop upon these facts. *See Prizzia*, 260 A.3d at 269; *Harris*, 176 A.3d at 1019. Although the trial court used a reasonable suspicion standard, this does not hamper our review as the trial court's legal

conclusions are subject to a *de novo* and plenary review. ***See Johnson***, 107 A.3d at 93; ***See Feczko***, 10 A.3d at 1285 (where trial court used reasonable suspicion standard, but this Court found probable cause existed to support the stop based on a violation of the motor vehicle code). Moreover, the law is well settled that if the record supports the result reached by the suppression court, we may affirm on any ground. ***Commonwealth v. Cartagena***, 63 A.3d 294, 301 (Pa. Super. 2013) (*citing* ***Commonwealth v. Lewis***, 39 A.3d 341, 345 (Pa. Super. 2012).

The relevant section of the motor vehicle code states,

**(e) Sun screening and other materials prohibited**.--

(1) No person shall drive any motor vehicle with any sun screening device or other material which does not permit a person to see or view the inside of the vehicle through the windshield, side wing or side window of the vehicle.

(2) This subsection does not apply to:

(i) A vehicle which is equipped with tinted windows of the type and specification that were installed by the manufacturer of the vehicle or to any hearse, ambulance, government vehicle or any other vehicle for which a currently valid certificate of exemption has been issued in accordance with regulations adopted by the department.

(ii) A vehicle which is equipped with tinted windows, sun screening devices or other materials which comply with all applicable Federal regulations and for which a currently valid certificate of exemption for medical reasons has been issued in accordance with regulations adopted by the department.

75 Pa.C.S. § 4524(e)(1)-(2) (bold in original).

There is no measurable amount of tint that renders a vehicle with tinted windows illegal in Pennsylvania. Tint is illegal if, from point of view of the officer, he or she is unable to see inside of a vehicle

through the windshield, side wing, or side window. There is no legislative history surrounding the passage of Section 4524 to elucidate the reason for this subjective standard.

*Cartagena*, 63 A.3d at 305 fn. 26 (citations omitted).

The trial court, in its opinion, stated,

[w]hen discussing the traffic stop, Officer Moss credibly testified that he observed tinted windows on the Defendant's vehicle that prevented him from clearly observing the driver or the occupants of the vehicle. The officer stated that all the windows appeared to be tinted, specifically the front windows[.]

TCO, at 3-4 (citations to the record omitted).

Officer Moss testified that he had been a police officer for 21 years and with Ross Township for 10 years. N.T., Motion to Suppress, 2/4/21, at 5. He testified that he observed the vehicle at 9:00 at night and the windows were up. *Id*., at 6-10. On direct examination, Officer Moss testified as follows.

Officer Moss: I observed a white Jeep Cherokee. When I initially observed it, **it had tinted windows which prevented me from clearly observing the driver or the occupants of the vehicle**.

Commonwealth: Where did you initially see this vehicle?

Officer Moss: On McKnight Road.

Commonwealth: Which windows were tinted?

Officer Moss: **They were all tinted**. Specifically, the front windows were tinted. **I couldn't see who the driver was**.

Commonwealth: And is that the requirement **for you to be able to see through the driver side window** to see if there's someone driving?

Officer Moss: Yeah. It's a violation of 4524(e)(1) window tint which says you have to be able to clearly observe the driver of the vehicle. **The windows were so tinted you couldn't clearly observe the driver of the vehicle**.

- 8 -

*Id*., at 6-7 (emphasis added). Officer Moss testified that the tint on Appellant's windows, based on a violation of 4524(e)(1), was the reason that he initiated the traffic stop. *Id*., at 7.

The record supports the trial court's factual determination that all of Appellant's car windows were tinted, specifically the front windows. N.T., Motion to suppress, 2/4/21, at 6. The record also shows that Officer Moss, who the trial court found credible, testified that the tint prevented him from seeing the driver of the vehicle. *Id*.; *See* TCO, at 3. The record supports the trial court's determination that Officer Moss testified credibly, and we will not disturb that credibility determination. *Fudge*, 213 A.3d at 326–27. We are bound by the trial court's factual findings because they are supported by evidence of record. *Johnson*, 107 A.3d at 93.

> To determine whether probable cause exists, we must consider "whether the facts and circumstances which are within the knowledge of the officer at the time of the arrest, and of which he has reasonably trustworthy information, are sufficient to warrant a man of reasonable caution in the belief that the suspect has committed or is committing a crime."

*Commonwealth v. Ibrahim*, 127 A.3d 819, 824 (Pa. Super. 2015) (citation omitted). "We are mindful that '[p]robable cause does not require certainty, but rather exists when criminality is one reasonable inference, not necessarily even the most likely inference.'" *Commonwealth v. Spieler*, 887 A.2d 1271, 1275 (Pa. Super. 2005). "[A] police officer has probable cause to stop a motor vehicle if the officer observes a traffic code violation, even if it is a minor offense." *Commonwealth v. Gurung*, 239 A.3d 187, 191 (Pa. Super.

2020). However, the "issuance of a citation by an officer for a violation of the MVC [motor vehicle code] is a matter within the sole discretion of that officer." *Spieler*, 887 A.2d at 1275.

In *Harris*, 176 A.3d at 1009, this Court found the officer had probable cause to stop the appellant's vehicle even where he also testified that the driver's side window was rolled down through which he **could** see the driver of the car. *Id*., at 1014 (emphasis added). This Court found the officer's testimony sufficient to find probable cause where he testified,

> the window tint, which covered all of the vehicle's side windows, was "extremely dark" and, as a result, he could not see inside of the vehicle through the passenger side of the vehicle. He noted that, when looking through the passenger-side window, he could not determine whether a male or female was driving the vehicle.

*Id*., at 1013 (citation to notes of testimony omitted). Recently, in *Commonwealth v. Johnson*, 1115 EDA 2021 (Pa. Super. Jan. 4, 2022) (unpublished memorandum),[4] this Court found probable cause existed to stop appellant's car based on a window tint violation even though the officer also testified that he "saw movement in the vehicle," because "he maintained that he could not clearly see into the vehicle." *Id*.

The entirety of Officer Moss's testimony establishes that the "facts and circumstances" he knew at the time were "sufficient to warrant a man of reasonable caution in the belief" that [Appellant] had violated 75 Pa.C.S. §

---

[4] Unpublished decisions of this Honorable Court issued after May 1, 2019, may be cited for their persuasive value. Pa.R.A.P. 1926(b)(1), (2).

4524(e)(1). *Ibrahim*, 127 A.3d at 824. First, Officer Moss testified that the tint on Appellant's car covered **all** the windows of the car, specifically the front windows. *See* 75 Pa.C.S. § 4524(e)(1) ("No person shall drive any motor vehicle with any sun screening device or other material which does not permit a person to see or view the inside of the vehicle through **the windshield, side wing or side window of the vehicle**.") (emphasis added). Next, Officer Moss testified he could not "see who the driver was" because of tint on the "front windows" of Appellant's car. N.T., Motion to Suppress, 2/4/21, at 6. Officer Moss's testimony that he "couldn't see who the driver was" sufficiently establishes that he couldn't "see . . . the inside of the vehicle," as the driver is seated inside of the vehicle. *See* 75 Pa.C.S. § 4524(e)(1); *Prizzia*, 260 A.3d at 265 (probable cause where Trooper observed a vehicle on the road with "windows tinted to the degree that **[he] could not see the operator inside the vehicle**" and before initiating a traffic stop, he followed appellant's vehicle for a period of time and at no distance could he see through the "side, front, [or] passenger windows."). In addition, Officer Moss's testimony that the windows on Appellant's car were "**so tinted**" that he could not "clearly observe the driver of the vehicle," *id*., at 7 (emphasis added), supports a finding that he could not see the driver inside the vehicle because of the level of tint on Appellant's car windows.

The combination of Officer Moss's testimony that "all" the windows were tinted, specifically the "front windows" where he "couldn't see who the driver was" inside the vehicle and the windows were "so tinted" that he couldn't

"clearly observe the driver" inside the vehicle sufficiently establishes that Officer Moss had probable cause to stop Appellant's vehicle based on a violation of 75 Pa.C.S. § 4524(e)(1).  **See** 75 Pa.C.S. § 4524(e)(1); **Harris**, 176 A.3d at 1009; **Prizzia**, 260 A.3d at 265; **Johnson**, 1115 EDA 2021. Accordingly, we find that the trial court did not err in denying Appellant's motion to suppress.

Judgment of sentence affirmed.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  02/25/2022