Vescio *v.* Rubolino, Appellant.

Argued October 3, 1968. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

254

*Theodore M. Tracy,* with him *Arthur G. Stein,* and *Stein and Winters,* and *Stokes, Lurie & Tracy,* for appellant.

*Charles Kirshner,* with him *Rosenberg & Kirshner,* for appellee.

*Earl J. Cavanaugh,* with him *Evans, Ivory & Evans,* for appellee.

OPINION BY MR. JUSTICE EAGEN, January 15, 1969:

On November 29, 1963, an automobile operated by Elizabeth K. Rubolino and owned by her husband, Anthony J. Rubolino, collided in Kennedy Township, Allegheny County, with an automobile operated by Ronald A. Corso and owned by his father, Dominick Corso. Several actions for damages resulted and were eventually consolidated in one trial. A passenger in the Corso automobile, Richard J. Vescio, who suffered severe personal injuries was awarded a verdict in the sum of $80,000 against the operators of both vehicles, namely, Elizabeth K. Rubolino and Ronald A. Corso. Dominick Corso was awarded a verdict against Elizabeth K. Rubolino for the damage to his automobile. Anthony J. Rubolino was awarded a verdict against Ronald A. Corso for the damage to his automobile. In the actions seeking recovery for injuries suffered by

Elizabeth K. Rubolino and Ronald A. Corso, the claims were denied and verdicts returned for the defendants. Judgments were entered on the verdicts and Elizabeth K. Rubolino appeals.[1]

Immediately before the collision the Rubolino automobile was traveling south on Route 51, an improved two lane highway. The Corso automobile was traveling north on Coreopolis Road, also a two lane improved highway which runs into Route 51 and terminates at that point. At the jointure of the two roads, there is a stop sign on Coreopolis Road. Also at the jointure, Route 51 begins a sweeping curve to the east (or to the left of the driver of an automobile traveling in a southerly direction); the curve, at its widest point, has a 90° angle. Coreopolis Road runs into Route 51 from almost a straight line and at the jointure appears to be a continuation of Route 51.

Ronald A. Corso testified in part that he stopped his automobile completely at the stop sign on Coreopolis Road; that there was then no traffic in sight on Route 51; that he caused his automobile to pull out slowly from Coreopolis Road onto Route 51, intending to proceed in a northerly direction; that he then for the first time saw the Rubolino automobile approaching, but that he did not stop or alter his course because no signal was given by the Rubolino automobile signifying that it intended to turn east, or left, and that he assumed it would proceed in a straight direction onto Coreopolis Road; that the Rubolino automobile suddenly and, without prior warning, turned east while he was still in the intersection and the collision occurred.

---

[1] Elizabeth K. Rubolino appeals from the judgment entered against her in the Vescio action; from the judgment entered against her in the action wherein Dominick Corso was the plaintiff; and from the judgment entered against her in the action involving her own personal injuries.

Elizabeth K. Rubolino's version of the occurrence varied substantially. She stated that she approached the road jointure to the rear of two other automobiles; that these automobiles proceeded from Route 51 onto Coreopolis Road; that as she neared the jointure, she saw the Corso automobile approaching on Coreopolis Road at a speed of 25 miles an hour and at a distance of about 40 feet from the intersection, and assumed it would stop at the stop sign; that she turned on the automobile's hand signal signifying an intention to continue left on Route 51; that the Corso automobile never stopped at the jointure, but came through the stop sign, and caused the collision.

In the charge to the jury, the trial court explained that the driver of a motor vehicle on a public highway is required to observe and obey provisions of The Pennsylvania Vehicle Code; that a failure to do so constitutes "negligence per se;" and that if such failure constitutes a proximate cause of an accident then the guilty party is, at least in part, legally responsible for the occurrence. In defining the standard of care required of Elizabeth K. Rubolino at the jointure involved, the court stated in part: "Now the Motor Vehicle Code states that a vehicle intending to turn left at an intersection shall approach such intersection in the lane of traffic to the right of, and nearest to, the center of the highway, and in turning shall pass to the left of the center of the intersection. The Motor Vehicle Code also says that the driver of any vehicle upon a highway before starting, stopping or turning from a direct line, shall first see that the said movement can be made in safety whenever the operation of any other vehicle approaching or following may be affected by said movement, and shall give a signal plainly visible to the driver of such other vehicle of the intention to make such movement . . . ."

The above portion of the charge was based on the provisions of §1011(b) of the Act of April 29, 1959, P. L. 58 (Pennsylvania Vehicle Code), 75 P.S. §1011(b) and §1012(a) of the Act of 1959, supra, as amended by the Act of 1961, P. L. 1373, §4, 75 P.S. 1012.[2]

The appellant urges that §§1011(b) and 1012(a) of The Vehicle Code, supra, are inapplicable under the facts of the case, and that in charging the jury that Elizabeth K. Rubolino would be guilty of negligence as a matter of law if she violated these mandates of the Code, the trial court committed prejudicial error. We agree.

If §1011(b) is applicable, Elizabeth K. Rubolino was required, as the court charged, to "pass to the left of the center of the intersection" in making the turn at the road jointure. This would require that she

---

[2] Section 1011(b) of The Vehicle Code, supra, provides: "The driver of a vehicle intending to turn left shall approach such intersection in the lane for traffic to the right of and nearest to the center line of the highway, and in turning, shall pass to the left of the center of the intersection, keeping as close as shall be practicable to the center of the intersection, except that, upon streets laned for traffic and upon one-way streets, a left turn shall be made from the left lane of traffic in the direction in which the vehicle is proceeding." Section 1012(a) of The Vehicle Code provides: "The driver of any vehicle upon a highway before starting, stopping, turning from a direct line, moving from one traffic lane to another or entering the traffic stream from a parked position, shall first see that such movement can be made with safety. If any pedestrian may be affected by such movement a clearly audible signal shall be given by sounding the horn. Before making any such vehicle movement, the driver shall give a plainly visible signal in the manner described in this section. The signal shall be given one hundred (100) feet in advance of and during the turning movement or a lane change. The signal shall be given prior to movement of the vehicle and prior to and during entry of the vehicle into the traffic stream from a parked position. Stopping signals shall be given during the time vehicle speed is being reduced by braking."

travel into the lane reserved for traffic approaching in the opposite direction. Certainly, no such dangerous movement on her part was required.

As to §1012(a), that section requires the prescribed signal when an automobile is turning from a "direct line." It seems to us that §1012(a) is entirely inapplicable to this situation. Elizabeth K. Rubolino did not turn from a direct line. She merely followed a curving highway, a continuous and unbroken stretch of road before her. Surely §1012(a) does not require a driver to give a signal to indicate that the road which he is traveling is about to curve.

In view of the conclusions outlined before, we need not reach the other asserted assignment of error.

We reverse the judgments against Elizabeth K. Rubolino, and in these actions award a new trial. The judgments entered against Ronald A. Corso are not affected by this ruling.

It is so ordered.

Mr. Justice MUSMANNO did not participate in the decision of this case.