J-S64025-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CARMAN DELTON HYDOCK | : | No. 566 WDA 2019 |

Appeal from the Order Entered March 20, 2019
In the Court of Common Pleas of Westmoreland County Criminal Division
at No(s):  CP-65-CR-0002216-2017

BEFORE:   BOWES, J., LAZARUS, J., and PELLEGRINI, J.[*]

CONCURRING MEMORANDUM BY BOWES, J.:      **FILED JANUARY 17, 2020**

I respectfully concur in the learned Majority's apt analysis, which I believe correctly reverses the trial court's dismissal of the charges against Appellee pursuant to this Court's precedent in ***Commonwealth v. Brown***, 64 A.3d 1101, 1106 (Pa.Super. 2013) (holding traffic stop justified by probable cause where driver failed to utilize a turn signal under 75 Pa.C.S. § 3334). However,  I write separately to explicitly distinguish the Supreme Court's holding in ***Vescio v. Rubolino***, 249 A.2d 914 (Pa. 1969), which both the trial court and Appellee relied upon, and which the parties briefed extensively.  In pertinent part, the Majority does not cite to or examine ***Vescio*** in its memorandum.  Such a dearth of discussion is a missed opportunity to provide

_____

[*] Retired Senior Judge assigned to the Superior Court.

persuasive guidance to future litigants, particularly in light of the parties' focus upon the holding in *Vescio*. It also risks creating uncertainty in our case law.

*Vescio* was a civil case that arose following an automobile collision at the intersection of Route 51 and Coreopolis Road in Kennedy Township, Allegheny County. Both roads were improved, two-lane highways, with Coreopolis Road merging and terminating into Route 51. The at-issue intersection was described by the Supreme Court as follows:

> At the jointure of the two roads, there is a stop sign on Coreopolis Road. Also at the jointure, Route 51 begins a sweeping curve to the east (or to the left of the driver of an automobile traveling in a southerly direction); the curve, at its widest point, has a 90 [degree] angle. Coreopolis Road runs into Route 51 from almost a straight line and at the jointure appears to be a continuation of Route 51.

*Id*. at 915. The collision occurred when one vehicle accelerating from the stop sign at Coreopolis Road onto Route 51 struck another vehicle that simultaneously turned from Coreopolis Road onto Route 51. There is no concomitant stop sign restricting the flow of traffic from Route 51 onto Coreopolis Road. It was also undisputed that the vehicle turning onto Route 51 from Coreopolis Road did not use its turn signal. *Id*. Based upon these facts, the Pennsylvania Supreme Court held that the trial court incorrectly instructed the jury that the second driver could be found guilty of negligence due to a failure to use a turn signal as required by the since-repealed statute 75 P.S. § 1012(a), which was a predecessor to § 3334. Rather, our Supreme Court held that § 1012(a) "does not require a driver to give a signal to indicate

- 2 -

that the road which he is traveling is about to curve," emphasizing that the second driver "did not turn from a direct line" but "merely followed a curving highway, a continuous and unbroken stretch of road . . . ." *Id*. at 916.

The facts of this case are admittedly similar, but they are not identical. In pertinent part, Appellee was observed failing to utilize an appropriate signal while turning right from Lincoln Avenue onto Industrial Boulevard in Latrobe, Pennsylvania. Based upon the descriptions of this intersection present in the certified record, it appears that Lincoln Avenue merges relatively seamlessly into Industrial Boulevard at this juncture. However, unlike the transition from Coreopolis Road onto Route 51 described in *Vescio*, this intersection is bisected by a stop sign. *See* Opinion and Order of Court, 3/19/18, at 3-4. Critically, this stop sign unambiguously labels the transition from Lincoln Avenue onto Industrial Boulevard as a "right turn."

As the Majority's analysis suggests but does not explicitly denote, *Vescio* is inapposite in the specific context of this case. Setting aside the obvious lack of parity in procedural posture between the instant criminal controversy and the civil holding in *Vescio*, the present circumstances are both factually and legally distinguishable.

From a statutory and legal standpoint, the obligation to utilize a signal under the since-repealed § 1012(a) was only triggered by a driver "starting, stopping or turning from a direct line" of travel. *Vescio*, *supra* at 915-16. By contrast, § 3334 requires an "appropriate signal" whenever a driver turns

a vehicle "from one traffic lane to another" or enters "the traffic stream from a parked position." 75 Pa.C.S. § 3334(a). Furthermore, the current statutory scheme requires drivers that are preparing to undertake a turn to "continuously" give "an appropriate signal" during "the last 100 feet traveled by the vehicle before turning." 75 Pa.C.S. § 3334(b).

This statutory differentiation undermines the lynchpin of the trial court's analysis of **Vescio**, which was its assessment that Appellee's "course of travel on Lincoln Avenue curved continuously and unbroken . . . onto Industrial Boulevard." Opinion and Order of Court, 3/19/18, at 3. Such continuous and unbroken travel is wholly irrelevant to this case as § 1012(a) has been repealed and the language concerning deviation from a "direct line" is not present in § 3334. Furthermore, Appellant's course of travel **was broken** by the stop sign bisecting Lincoln Avenue and Industrial Boulevard. The fact that Appellee was not required to halt at the stop sign is also of no moment, because this signage unambiguously indicated that Appellee was **turning right** from Lincoln Highway onto Industrial Boulevard. As such, the signal requirements at § 3334 would be triggered. **Accord Brown**, **supra** at 1106.

As I stated at the outset, I concur in the learned Majority's holding and rationale. I write separately to emphasize that any reliance upon **Vescio** is erroneous under the particular facts and law implicated by this case.

I respectfully concur.